**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

Sylvia Love, individually,

    Plaintiff,

v.

Kaiser Permanente Insurance Co., a California nonprofit corporation,

    Defendant.

---

**COMPLAINT WITH JURY DEMAND**

---

COMES NOW, the Plaintiff, Sylvia Love, by and through her attorneys, Thomas H. Mitchiner, Mitchiner Law, LLC, and Steven L. Murray, Murray Law, LLC, submits her Complaint with Jury Demand against Kaiser Permanente Insurance Co., and states and alleges as follows:

**Nature of the Case**

This is an employment discrimination case arising from the racially discriminatory treatment of Sylvia Love by her employer, Kaiser Permanente Insurance Co. The discriminatory practices, based on race, include but are not limited to discriminating against Love concerning the terms and conditions of her employment, evaluation of performance, assignment of duties, and termination of employment. The discriminatory actions violated the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991 (Section 1981); and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, *as amended* (Title VII).

## Jurisdiction and Venue

1. Jurisdiction is asserted pursuant to 28 U.S.C. Sections §§ 1331, 1343 (a) (3) (4), 1367, 42 U.S.C. § 1981, 42 U.S.C. §§ 1988 (a) (b) (c), and 42 U.S.C. §§ 2000e-5(f) (1), (3), *as amended by* 42 U.S.C. §§ 1981a (a) (1), (2).

2. This action is authorized and instituted pursuant to Title VII, and Section 1981.

3. The claims in issue arose in the City of Englewood in Arapahoe County, Colorado. All claims arose in the Judicial District of this Court. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) (c), 42 U.S.C. § 2000e-5(f) (3), 42 U.S.C. § 1981, and 42 U.S.C. § 1988(a).

## Parties

4. Plaintiff, Sylvia Love (Love), is a resident of the City of Aurora, Arapahoe County, State of Colorado.

5. Defendant, Kaiser Permanente Insurance Co. (Kaiser), is a California corporation with its principal place of business in California at 300 Lakeside Drive Oakland, CA 94612.

6. Love is an employee under Title VII, and Section 1981.

7. Kaiser is an employer under Title VII, and Section 1981.

## Administrative Procedures

8. Prior to filing this action, Love timely, properly, and lawfully exhausted all required administrative prerequisites procedures and remedies.

9. Love filed a charge of race discrimination against Kaiser with the Equal Employment Opportunity Commission (EEOC) in February of 2017. [EEOC Charge No. 541-2017-00961].

10. On March 15, 2018 the EEOC mailed, and Love received a "Notice of Right to Sue" for EEOC Charge No. 541-2017-00961, which entitles her to initiate this action within 90 days of the mailing of said notice.

11. Love has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

### Background

12. Kaiser is a California nonprofit corporation.

13. Kaiser is one of the nation's largest not-for-profit health plans, serving 11.8 million members, with headquarters in Oakland, CA.

14. All references to Kaiser herein, includes the Kaiser Foundation Hospitals and its subsidiaries, Kaiser Foundation Health Plan, Inc., and The Permanente Medical Groups.

15. In 2017, Kaiser had an annual operating revenue of $72.7 billion.

16. Kaiser has approximately 213,087 employees and operates in eight states.

17. Love is a Black woman, over 40 years of age.

18. Kaiser treated Love in a racially discriminatory manner. Kaiser treated Love more adversely than similarly situated white employees, concerning the terms and conditions of her employment, demotions, evaluation of performance, assignment of duties, and termination of employment.

### General Allegations

19. Love began working for Kaiser in January 2015 as a Claims Processor II.

20. On January 20, 2017, Kaiser terminated Love.

21. Love most recently held the title of Benefit Engine Architect in the Benefits Data Management Department (BDM).

22. Throughout Love's employment, she performed her duties in a satisfactory manner in many positions.

23. In August of 2015, Kaiser promoted Love to Configuration Analyst II in the Configuration Department.

24. On or about February 29, 2016, Kaiser merged the Configuration Department with the BDM.

25. Out of seven employees, Love was the only Black employee in BDM.

26. On February 29, 2016 Kaiser: (a) changed Love's job title changed from Configuration Analyst II to Benefit Engine Architect; and (b) assigned Love to work with a new supervisor and manager.

27. In March 2016, Kaiser hired Warren White (White), a White male, to supervise the BDM department.

28. White immediately began to demean and degrade Love.

29. White did not like how Love communicated with her coworkers and criticized her for her manner of speech, telling Love that she did not "talk well" and that she needed to improve her grammar.

30. Without Love's knowledge White placed Love on a Performance Improvement Plan (PIP).

31. Kaiser and White did not: (a) present the PIP to Love; and (b) did not provide any guidance to Love concerning her progress on the PIP.

32. Because of the conduct by Kaiser and White, Love neither read nor signed the PIP.

33. Because Kaiser and White did not provide Love the opportunity to read or sign the PIP, Kaiser and White prevented Love from obtaining knowledge of the PIP's existence and the potential negative and harmful consequences for not complying with the PIP.

34. Since Love did not know of the existence of the PIP, she did not know the alleged performance deficiencies the PIP addressed and therefore, she could not successfully complete the PIP.

35. Love first learned about the PIP in October of 2016 when Gail Metcliff (Metcliff) a manager of a different department at Kaiser asked Love to apply for an open position with her.

36. Metcliff informed Love that although she would like to hire Love in her department; however, Love could not be hired because Love was on a PIP.

37. Following Kaiser's failure to hire Love in the different department, Love enquired about the PIP however to the date of the filing of this complaint she still has not ever seen the PIP.

38. Toward the end of 2016 and in the beginning of 2017, the BDM department participated in team building exercises.

39. Love participated in every event and completed all the exercises but could not attend the final meeting.

40. In the final meeting, all the BDM employees meet with each other and created a chart describing their different communication styles.

41. Although Kaiser and manager White had all of Love's information and could have included her on the chart, Kaiser and White intentionally left her name off the chart.

42. On January 20, 2017, at the end of Love's shift, Kaiser informed Love that: (a) she did not improve on the performance in the PIP; and (b) Kaiser was terminating her employment.

43. As a direct, foreseeable, and proximate result of the intentional unlawful conduct complained of herein, Love suffered injuries, damages and other losses.

44. Love's damages include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and the loss of wages, earnings, income, diminution of earning capacity, actual and/or potential retirement benefits, loss of employment, future pecuniary losses, and other damages to be determined at trial.

### First Claim for Relief
(Race Discrimination – Section 42 U.S.C. § 1981)

45. The foregoing allegations are realleged and incorporated by reference.

46. Kaiser discriminated against Love because of her race.

47. Kaiser discriminated against Love because of her race: (a) compensation, terms, conditions, and/or privileges of employment; and/or (b) by limiting, segregating, and/or classifying Love in a way which deprived, or tended to deprive Love of employment opportunities, and/or otherwise adversely affect her status as an employee because of her race.

48. By the conduct described above, Kaiser intentionally deprived Love, a Black female, of the same rights and working conditions enjoyed by Kaiser's white employees, in the performance, enjoyment, continuation, and all the benefits and privileges of her employment relationship with Kaiser, in violation of 42 U.S.C. § 1981.

49. Kaiser treated Love, a Black female, more adversely than white employees because of her race, concerning the terms and conditions of employment, assignment of duties, performance evaluations, performance improvement plans, demotion, and termination of employment.

50. Kaiser engaged in direct, continual, increasing, and intentional racial discrimination in taking adverse unlawful employment practices against Love because of her race.

51. In its discriminatory actions as alleged above, Kaiser acted willfully, with malice or reckless indifference to the rights of Love to be free from racial discrimination in employment, thereby entitling her to an award of punitive damages.

**Second Claim for Relief**
(Race Discrimination – Title VII, 42 U.S.C. § 2000e *et. al.*)

52. The foregoing allegations are realleged and incorporated by reference.

53. Kaiser discriminated against Love because of her race.

54. Kaiser discriminated against Love because of her race: (a) with respect to her compensation, terms, conditions, or privileges of employment; and/or (b) by limiting, segregating, or classifying Love in a way which deprived, or tended to deprive, Love of employment opportunities, or otherwise adversely affect her status as an employee, because of her race.

55. Kaiser treatment of Love constitutes intentional, unlawful race discrimination, in violation of 42 U.S.C. § 2000e-2(a) (1) (2), and intentional, unlawful discriminatory practices in violation of 42 U.S.C. §§ 1981a (a) (1), (b) (1) (2) (3) (D), and (d) (1) (2).

56. Kaiser treated Love, a Black female, more adversely than white employees because of her race, concerning the terms and conditions of employment, assignment of duties,

performance evaluations, performance improvement plans, demotion, and termination of employment.

57. Kaiser engaged in direct, continual, increasing, and intentional racial discrimination in taking adverse unlawful employment practices against Love.

58. In its discriminatory actions as alleged above, Kaiser acted willfully, with malice or reckless indifference to the rights of Love to be free from racial discrimination in employment, thereby entitling her to an award of punitive damages.

## Demand for Judgement

WHEREFORE, Plaintiff, Sylvia Love, respectfully prays for a judgment to be entered against Kaiser Permanente Insurance Co., as follows:

A. Against Kaiser for back pay, loss of benefits, and all economic benefits associated with Love's employment, under Title VII, and 42 U.S.C. § 1981 as allowed by law;

B. Against Kaiser for front pay under Title VII, and 42 U.S.C. § 1981 as allowed by law;

C. Against Kaiser for compensatory damages available to Love under Title VII, and 42 U.S.C. § 1981, as allowed by law;

D. Against Kaiser for punitive damages available to Love under Title VII, and 42 U.S.C. § 1981, as allowed by law;

E. Against Kaiser for attorney fees and costs available to Love under Title VII, 42 U.S.C. § 1981, and 42 U.S.C. Section 1988 (b)(c), as allowed by law;

F. Costs, as allowed by law; and

G. To award Love and all other legal and equitable relief, to which Love is entitled pursuant to any law, that this Court deems just, equitable, and proper.

## JURY TRIAL REQUEST

Pursuant to Fed.R.Civ.P. 38 (a) (b) (c), Title VII 42 U.S.C. § 1981a (c) (1), and 42 U.S.C. § 1981, and all applicable laws providing for a right to trial by jury, Love seeks a jury trial of all claims and issues in this action.

Respectfully submitted this 11 June 2018.

| Mitchiner Law, LLC | Murray Law, LLC |
|---|---|
| By: /s/ Thomas H. Mitchiner | By: /s/ Steven Murray |
| Thomas H. Mitchiner | Steven Murray |
| Mitchiner Law, LLC | Murray Law, LLC |
| 1888 N. Sherman St., Ste 200 | 1888 N. Sherman St., Ste 200 |
| Denver, CO 80203 | Denver, CO 80203 |
| Phone: 720-538-0371 | Phone: 303-396-9952 |
| E-mail: tmitchiner@mitchinerlawllc.com | E-mail: steven@smurraylaw.com |
| Attorney for Plaintiff Sylvia Love | Attorney for Plaintiff Sylvia Love |

Address of Plaintiff: Sylvia Love 1570 S. Iola St. Apt.# 206 Aurora, CO 80012